Wakdlaw J.
delivered the opinion of the Court.
An Act of 1825, 9 Stat., 564, re-enacted former statutes which had provided pecuniary penalties, to restrain persons from retailing without licence. An Act of 1842 (11 Stat., 225) enacted that in cases of conviction for the offence of retailing without license, the Judge in his discretion may cither impose the fine before provided, or sentence the offender to imprisonment for a term not exceeding six months. It is now contended that the indictment should have concluded, “contrary to the Acts,” &c. Hawkins, (Book 2, ch. 25, sec. 117.) speaking of cases where a new statute adds a new penalty to an offence prohibited by a former statute, says, “considering that the precedents in these cases generally conclude contra formam statuti, and the prosecution in truth depends on the addition made by the later statute, which seems of itself alone sufficient to support it, it maybe reasonably argued, and seems agreeaable to the later opinions, that such a conclusion may be allowed in these cases.” “It no more appears from cont. form, statutorum, what statute the prosecution is founded upon, than from cont. form, statuti.” Of how little real consequence the distinction was, even when formerly it was observed, appears from the precaution adopted, when indictments were in latin, to say contra formam statute, which might stand for either statuti or statutorum. The ancient nicety now urged is contrary to our usual precedents. It seems to have been somewhat disregarded in the case of The State, v. Butler & Quin, 3 M’C., 383, and is entitled to no favor now.
The motion is dismissed.